UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-4182 CAS (Ex) | Date | July 16, 2010 |
|---|---|---|---|
| Title | SIERRA MEDICAL SERVICES ALLIANCE, et al.  v. DAVID MAXWELL-JOLLY, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:**   **(In Chambers:) DEFENDANTS' EX PARTE APPLICATION FOR A STAY, OR ALTERNATIVELY, FOR AN ORDER SHORTENING TIME ON DEFENDANTS' MOTION TO STAY** (filed 7/06/10)

## I.   INTRODUCTION & BACKGROUND

On June 4, 2010, plaintiffs Sierra Medical Services, et al., filed the instant action against David Maxwell-Jolly, Director of the California Department of Health Care Services (the "Director") and the California Department of Health Care Services (the "Department").[1]  The Department is a California agency charged with the administration of California's Medicaid program, Medi-Cal.  Plaintiffs provide medical transportation services to Medi-Cal beneficiaries.  In the instant action, plaintiffs seek to enjoin defendants from enforcing Section 51527 of the California Code of Regulations on the grounds, among others, that these rate provisions violate 42 U.S.C. § 1396a(30)(A) of the Medicaid Act and are thus preempted under the Supremacy Clause.

On July 6, 2010, defendants filed the instant ex parte application to stay the case or, alternatively, to hear the motion for stay on shortened notice.  Plaintiffs filed their opposition to the instant ex parte application on July 7, 2010.

---

[1]  On July 7, 2010, the instant case was transferred to this Court pursuant to General Order 08-05.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4182 CAS (Ex) | Date | July 16, 2010 |
|----------|---------------------|------|---------------|
| Title | SIERRA MEDICAL SERVICES ALLIANCE, et al.  v. DAVID MAXWELL-JOLLY, et al. | | |

## II.   LEGAL STANDARD

A district court has discretionary power to stay proceedings in its own court.  See Landis v. North American Co., 299 U.S. 248, 254 (1936).  Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  However, case management concerns alone are not necessarily a sufficient ground to stay proceedings.  See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" Id. (quoting Landis, 299 U.S. at 255).  Further, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

## III.   DISCUSSION

For the same reasons the Court found that good cause exists to stay the related matters of Independent Living Center of Southern California, et al. v. Sandra Shewry, Case No. 08-3315 CAS (MANx) ("Independent Living"), and the consolidated matters of California Assoc. of Health Facilities v. David Maxwell-Jolly, et al., case No. 10-3259 CAS (MANx), and Developmental Services Network, et al. v. David Maxwell-Jolly, Case No. 10-3284 CAS (MANx), recent events justify an immediate stay of the instant matter pending resolution of defendant's petitions for certiorari in Independent Living and California Pharmacists, Ass'n v. David Maxwell-Jolly, Case No. 09-8200 ("Cal. Pharmacists").  First, on May 24, 2010, the Supreme Court invited the Solicitor General to file a brief in Independent Living.  In addition, the Ninth Circuit stayed the appellate proceedings in the related matter of California Hospital Assoc. v. David Maxwell-Jolly, Case. No. 09-8642 CAS ("CHA"), in light of the pending petitions for certiorari in Independent Living and Cal. Pharmacists.  One question presented in the petitions for certiorari is whether Medicaid recipients may maintain a private cause of action under the Supremacy Clause to enforce 42 U.S.C. § 1396a(a)(30)(A), which is a basis of relief in the instant case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4182 CAS (Ex) | Date | July 16, 2010 |
|---|---|---|---|
| Title | SIERRA MEDICAL SERVICES ALLIANCE, et al.  v. DAVID MAXWELL-JOLLY, et al. | | |

      Accordingly, the Court GRANTS defendant's ex parte application.  Within 30 days from the date of this order, or upon the disposition of the petitions for certiorari, whichever occurs first, the parties shall file a joint status report.  Because defendants' Motion to Stay, filed July 6, 2010, seeks the same relief granted herein the Motion to Stay is hereby DENIED as moot.

      IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |