UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4182 CAS (Ex) | Date | July 26, 2011 |
|---|---|---|---|
| Title | SIERRA MEDICAL SERVICES ALLIANCE; ET AL. v. DAVID MAXWELL-JOLLY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:**   (In Chambers:)
**PLAINTIFFS' STATUS REPORT AND REQUEST TO LIFT STAY** (filed 07/14/11)

**DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING** (filed 07/14/11)

## I.   INTRODUCTION & BACKGROUND

On June 4, 2010, plaintiffs Sierra Medical Services, et al., filed the instant action against David Maxwell-Jolly, Director of the California Department of Health Care Services (the "Director") and the California Department of Health Care Services (the "Department"). In their complaint, plaintiffs seek to enjoin defendants from enforcing Section 51527 of the California Code of Regulations on the grounds, among others, that these rate provisions violate 42 U.S.C. § 1396a(30)(A) of the Medicaid Act ("Section 30(A)") and are thus preempted under the Supremacy Clause.

On July 19, 2010, the Court stayed all proceedings in this action pending the United States Supreme Court's resolution of the petitions for certiorari in Maxwell-Jolly v. Indep. Living Ctr. of S. Cal., U.S.S.C. Case No. 09-958 and Maxwell-Jolly v. Cal. Pharms. Ass'n, U.S.S.C. Case No. 09-1158. See Dkt. 23. On January 18, 2011, the Supreme Court partially granted review in Indep. Living Ctr. of S. Cal. and Cal. Pharms. Ass'n limited to the question of whether Medicaid recipients and providers may maintain a private cause of action under the Supremacy Clause to enforce Section 30(A) by asserting that the provision preempts a state law that reduces reimbursement rates. On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4182 CAS (Ex) | Date | July 26, 2011 |
|---|---|---|---|
| Title | SIERRA MEDICAL SERVICES ALLIANCE; ET AL. v. DAVID MAXWELL-JOLLY; ET AL. | | |

June 1, 2011, the Court issued an order removing the case from its active caseload until further application by the parties or order of the Court. See Dkt. 32.

On July 8, 2011, without seeking to lift the stay, plaintiffs attempted to file a first amended complaint. On July 13, 2011, the Clerk of the Court filed a Notice to Filer of Deficiencies in Electronically Filed Documents, noting that there was no order on the docket allowing the filing of a first amended complaint. Dkts. 36 and 37.

On July 14, 2011, plaintiffs filed a status report and request to lift stay and re-open the case. Plaintiffs assert that the proposed first amended complaint drops the claim for relief that was based on defendants' alleged violation of the Supremacy Clause or private enforcement through Section 30(A). See Dkt. 39 at 2. Consequently, plaintiffs argue that there is no longer any basis for a stay pending resolution of the Supreme Court proceedings in Indep. Living Ctr. of S. Cal. and Cal. Pharms. Ass'n. Id.

## II.   DISCUSSION

The Court finds that, at this stage, plaintiffs' proposed first amended complaint is not properly before the Court. Plaintiffs' attempt to file an amended complaint without first moving to lift the stay was in contravention of the Court's June 1, 2011 Order. See Dkt. 32 at 1 ("[T]his action is hereby removed from this Court's active caseload until further application by the parties or order of this Court.") (emphasis supplied).

Furthermore, plaintiffs' request for an order lifting the stay must be made by a properly noticed motion to which defendants have an opportunity to respond. See Fed. R. Civ. P. 7(b)(1); Local Rule 7-4.

Finally, to the extent plaintiffs seek to lift the stay for the purpose of filing an amended complaint, plaintiffs have not obtained defendants' consent or leave of the Court, see Fed. R. Civ. P. 15(a)(2), and it is not clear that plaintiffs may amend "as a matter of course." See Fed. R. Civ. P. 15(a)(1) (a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4182 CAS (Ex) | Date | July 26, 2011 |
|---|---|---|---|
| Title | SIERRA MEDICAL SERVICES ALLIANCE; ET AL. v. DAVID MAXWELL-JOLLY; ET AL. | | |

## III. CONCLUSION

Accordingly, the Court hereby DENIES plaintiffs' request to lift the stay and re-open the case without prejudice to being renewed by properly noticed motion. The Court hereby DENIES as moot defendants' ex parte application for an order that defendants may file a responsive pleading to plaintiffs' amended complaint within 21 days of the stay being lifted.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |