UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04182 CAS (MANx) | Date | August 29, 2011 |
|---|---|---|---|
| Title | SIERRA MEDICAL SERVICES ALLIANCE; ET AL v. DAVID MAXWELL-JOLLY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** (IN CHAMBERS) **PLAINTIFF'S MOTION TO LIFT STAY AND PLACE CASE ON COURT'S ACTIVE LIST** (filed 8/1/11)

## I.   INTRODUCTION AND BACKGROUND

On June 6, 2010, plaintiffs Sierra Medical Services Alliance, Care Flight, Riggs Ambulance Service, Inc., American Ambulance Service, Inc., Schaefer Ambulance Service, Inc., American Ambulance of Visalia, Desert Ambulance Service, San Luis Ambulance Service, Inc., First Responder Emergency Medical Services, Inc., Imperial Ambulance Services, Inc., Exeter District Ambulance, Sierra Lifestar, Inc., d.b.a. Lifestar Ambulance, Del Norte Ambulance, Inc., Piner's Ambulance, Inc., American Legion Post 108 Ambulance Service, Progressive Ambulance, Inc., d.b.a, Liberty Ambulance, Hall Ambulance Service, Inc., City Ambulance of Eureka, Inc., Patterson District Ambulance, K.W.P.H. Enterprises, d.b.a., American Ambulance, Community Ambulance Services, Inc., Sierra Ambulance Service, Inc., Care Ambulance Service, Inc., Delano Ambulance Service, Inc., Kern Emergency Medical Transportation Corporation, d.b.a, Kern Ambulance, Manteca District Volunteer Ambulance Service, d.b.a Manteca District Ambulance Service in CV 10-04182 CAS (MANx), filed the instant action against David Maxwell-Jolly, Former Director of the California Department of Health Care Services (the "Former Director") and the California Department of Health Care Services (the "Department") (collectively "Defendants"). The Department is a California agency charged with the administration of California's Medicaid program, Medi-Cal. Plaintiffs provide medical transportation services in 31 of 58 California counties.

On July 28, 2009, California Governor Arnold Schwarzenegger signed into law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04182 CAS (MANx) | Date | August 29, 2011 |
|---|---|---|---|
| Title | SIERRA MEDICAL SERVICES ALLIANCE; ET AL v. DAVID MAXWELL-JOLLY; ET AL. | | |

Assembly Bill X4 5 ("AB 5"), the budget trailer bill for California fiscal year 2009-2010. AB 5 amends Cal. Welf. & Inst. Code § 14105.191, in part, and effectively "freezes" the Medi-Cal reimbursement rates for certain designated services rendered during the 2009-2010 rate year and each rate year thereafter at 2008-2009 levels. Cal. Welf. & Inst. Code § 14105.191(f). Among the designated services covered by AB 5 are medical transportation services.

     On June 4, 2010, plaintiffs filed a motion seeking to enjoin application of the rate freeze.[1] See Doc. 1. Before the hearing on plaintiffs' motion for a preliminary injunction, the Court stayed the case. See Doc. 23. The Court found that good cause existed to stay the case because there was then pending before the United States Supreme Court the Department's petitions for certiorari in Independent Living Center of Southern California, Inc. v. Maxwell-Jolly, U.S.S.C. Case No. 09-958 ("ILC II"), and Maxwell-Jolly v. California Pharmacists Ass'n ("Cal. Pharm."), U.S.S.C. Case No. 09-1158.[2]

     Since the stay was issued in this case, the Supreme Court has granted the Department's petitions for certiorari. On January 18, 2011, the Supreme Court partially granted review in ILC II, limited to the question of whether Medicaid recipients and providers may maintain a private cause of action under the Supremacy Clause to enforce Section 30(A) by asserting that the provision preempts a state law that reduces

---

     [1] This Court granted a preliminary injunction in another action challenging the same rate freeze as applied to skilled nursing facilities that are distinct parts of general acute care hospitals. See Cal. Hospital Ass'n v. Maxwell-Jolly ("CHA I"), Case No. 09-CV-8642, Order (C.D. Cal. Feb. 24, 2010). The Court enjoined the rate freeze on the grounds that plaintiff was likely to succeed on its claim that the freeze was enacted by the State without complying with Section 30(A).

     [2] Subsequent to the stay that was issued in this case, the Department filed another petition for certiorari in Maxwell-Jolly v. Santa Rosa Mem'l Hosp. ("Santa Rosa"), U.S.S.C. Case No. 10-283, a case concerning some of the same rate reductions at issue in ILC II and Cal. Pharm. The petitions for certiorari in Santa Rosa and Cal. Pharm. raise identical legal issues to those in ILC II and, consequently, the Supreme Court is addressing them together with ILC II. The Court refers to all three cases generically as ILC II.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04182 CAS (MANx) | Date | August 29, 2011 |
|---|---|---|---|
| Title | SIERRA MEDICAL SERVICES ALLIANCE; ET AL v. DAVID MAXWELL-JOLLY; ET AL. | | |

reimbursement rates. Oral argument is set for October 3, 2011.

Two related cases are also pending before the Ninth Circuit Court of Appeals. In California Ass'n of Hosp. Facilities v. Maxwell-Jolly ("CAHF"), Case No. 11-55852, and Developmental Servs. Network v. Maxwell-Jolly ("DSN"), Case No. 11-5585, the Ninth Circuit will consider whether providers can challenge State Plan Amendment approval under 42 U.S.C. § 1983 when Congress has not specifically conferred such a right on providers. CAHF and DSN have been fully briefed and are awaiting oral argument, which is set for October 11, 2011.

On August 1, 2011, plaintiffs filed the instant motion to lift the stay in this case, and lodged a proposed first amended complaint. Plaintiffs proposed first amended complaint seeks to enjoin the enforcement of California Code of Regulations, section 51527, which sets the Medi-Cal reimbursement rates for medical transportation services on the grounds that section 51527 was promulgated in violation of plaintiffs' constitutional rights. On August 8, 2011, defendants filed an opposition. Plaintiffs replied on August 15, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A district court has discretionary power to stay proceedings in its own court. See Landis v. North American Co., 299 U.S. 248, 254 (1936). Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). "[T]he same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 74 (D.D.C. 2002).

## III.   DISCUSSION

Plaintiffs contend that the stay should be lifted because the Court can resolve their request for an injunction on grounds independent of the issues pending before the Supreme Court in ILC II and the Ninth Circuit in CAHF and DSN. Mot. at 3–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04182 CAS (MANx) | Date | August 29, 2011 |
|---|---|---|---|
| Title | SIERRA MEDICAL SERVICES ALLIANCE; ET AL  v. DAVID MAXWELL-JOLLY; ET AL. | | |

    First, plaintiffs maintain that regardless of the Supreme Court's decision in ILC II, the rate freeze is invalid because none of the claims in the plaintiffs' proposed first amended complaint is based on defendants' violation of the Supremacy Clause or the private enforcement of 42 U.S.C. section 1396(a)(30)(A). Id. at 5. Plaintiffs contend that because the grounds for relief in the proposed first amended complaint are distinct from those in ILC II, the basis for maintaining the stay no longer exists. Id.

    Next, plaintiffs contend that the resolution of CAHF and DSN, the cases pending before the Ninth Circuit, will not impact the claims in plaintiffs' proposed first amended complaint, and consequently cannot provide the basis for maintaining the stay. Id. at 7. Plaintiffs assert CAHF only loosely implicates 42 U.S.C. § 1983, arguing that the § 1983 issue in CAHF is limited to whether Medicaid providers may bring a claim under § 1983 to enjoin enforcement of changes to Medi-Cal reimbursement rates prior to federal approval of a State Plan Amendment. Id. at 6. With respect to DSN, plaintiffs argue that the issue to be determined by the Ninth Circuit is whether the relevant California law is preempted by federal law by virtue of the Supremacy Clause. Id. at 5. Plaintiffs assert that because plaintiff's proposed first amended complaint does not contain any claim based upon preemption, the resolution of DSN is immaterial. Id.

    Defendants argue that the claims in plaintiffs' proposed first amended complaint do not raise distinct issues from those to be determined in ILC II, CAHF and DSN. Opp'n at 3. Specifically, defendants contend that the issue at the heart of these cases, as well as the plaintiffs' proposed first amended complaint, is the extent to which providers have a private right of action under the Supremacy Clause, 42 U.S.C. § 1983, or some other vehicle to challenge the California's compliance with provisions of the Medicaid Act or the State Plan Amendment. Id. Accordingly, defendants argue that the Supreme Court's resolution of ILC II and the Ninth Circuit's resolution of CAHF and DSN will directly impact this case. Id.

    Defendants also assert that sound reasons of judicial economy, conservation of public and private resources, the interests of justice, and the public interest justify continuing the stay pending a ruling in the cases before the Supreme Court and the Ninth Circuit. Id. at 5. Defendants explain that were the Court to lift the stay, defendants would file a motion to dismiss based on the ultimate legal issues to be determined in the Supreme Court and Ninth Circuit. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04182 CAS (MANx) | Date | August 29, 2011 |
|---|---|---|---|
| Title | SIERRA MEDICAL SERVICES ALLIANCE; ET AL  v. DAVID MAXWELL-JOLLY; ET AL. | | |

The Court has considered the issues presented by the cases to be decided by the Supreme Court and the Ninth Circuit, and believes that these cases present issues that will ultimately impact the outcome of the present matter.[3]  Moreover, in light of the fact that oral argument in ILC II is set in the Supreme Court for October 3, 2011 and oral argument in CAHF and DSN is set in the Ninth Circuit for October 11, 2011, the prejudice, if any, caused by maintaining the stay in place until the resolution of those cases will be minimal.

### IV.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiffs' motion to lift the stay and place the case on the Court's active list.  The parties shall continue to file quarterly status reports detailing the status of the case until the action has been reactivated on this Court's active caseload or a stipulation for dismissal is filed.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |

---

[3] At oral argument, counsel for plaintiffs argued that plaintiffs' proposed first amended complaint does not concern the private enforcement of 42 U.S.C. section 1396(a)(30)(A).  After reviewing plaintiffs' proposed first amended complaint, the Court finds that however the complaint is styled, the issues tend to overlap with those of ILC II, CAHF, and DSN.  Accordingly, the Court finds it prudent to maintain the stay pending the resolution of those cases.