1
2
3
4
5
6
7
8       **UNITED STATES DISTRICT COURT FOR THE**
9           **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| SIERRA MEDICAL SERVICES ALLIANCE, CARE FLIGHT, RIGGS AMBULANCE SERVICE, INC., SCHAEFER AMBULANCE SERVICE, INC., AMERICAN AMBULANCE OF VISALIS, DESERT AMBULANCE SERVICE, SAN LUIS AMBULANCE SERVICE, INC., FIRST RESPONDER EMERGENCY MEDICAL SERVICES-SACRAMENTO, INC., FIRST RESPONDER EMERGENCY MEDICAL SERVICES, INC., IMPERIAL AMBULANCE SERVIES, INC., EXETER DISTRICT AMBULANCE, SIERRA LIFESTAR, INC., d.b.a., LIFESTAR AMBULANCE, DEL NORTE AMBULANCE, INC., PINER'S AMBULANCE INC., AMERICAN LEGION POST 108 AMBULANCE SERVICE, PROGRESSEIVE AMBULANCE, INC., d.b.a.., LIBERTY AMBULANCE, HALL AMBULANCE SERVICE INC., CITY AMBULANCE OF EUREKA, INC., PATTERSON DISTRICT AMBULANCE, K.W.P.H. ENTERPRISES, d.b.a.., AMERICAN AMBULANCE COMMUNITY AMBULANCE SERVICES, INC., SIERRA AMBULANCE SERVICE, INC., CARE AMBULANCE SERVICE, INC., DELANO AMBULANCE SERVICE, INC., KERN EMERGENCY MEDICALTRANSPORTATION CORPORATION, d.b.a .., KERN AMBULANCE, MANTECA DISTRICT VOLUNTEER AMBULANCE | Case No. 2:10-cv-04182-CAS (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

1

SERVICE, dba MANTECA DISTRICT
AMBULANCE SERVICE,
CALIFORNIA AMBULANCE
ASSOCIATION, REGIONAL
EMERGENCY MEDICAL SERVICES
AUTHORITY, METRO WEST
AMBULANCE SERVICE, INC.,
WESTMED ABULANCE, INC., d.b.a ..,
MCCORMICK AMBULANCE,

       Plaintiffs,

       vs.

TOBY DOUGLAS, Director of the
Department of Health Care Services of
the State of California, et al,

       Defendant.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order and [Proposed] Order Thereon ("Stipulation") filed on April 30, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 3, 6(a), 8(b), 9, 12, and 17 of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Confidential Attorneys' Eyes Only, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Confidential Attorneys' Eyes Only, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as Confidential, Confidential Attorneys' Eyes Only, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1.    Definitions:   For purposes of this Protective Order, the following definitions shall apply:

a.    "Confidential Material":   Information (regardless of how created, generated, stored, or maintained) or tangible things that have not been made public, the disclosure of which the disclosing party contends could cause harm to the business operations of the disclosing party or provide improper advantage to others, as well as information that includes non-public personal or private information, such as (without limitation) personal health information.

b.    "Confidential Attorney's Eyes Only" Material ("AEO" Material"):   Confidential Material that is technical, commercial, financial, or marketing in nature and that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to an employee of a receiving party would reveal significant business or financial

---

[1]    The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

advantages of the disclosing party.  It includes, without limitation, information that the designating party reasonably and in good faith believes relates to:  (1) current business/strategic plans; (2) technical product specifications and information; (3) sales, cost, and price information including future sales/financial projections; (4) non-public marketing information including future marketing plans; (5) detailed sales and financial data; (6) customer or supplier lists; or (7) other information of competitive, technical, financial, or commercial significance comparable to the items listed in this paragraph.

    c.    "Challenging Party":  A Party that challenges the designation of information or items under this Order.

    d.    "Designating Party":  A Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Confidential Attorneys' Eyes Only" Material.

2.    This Protective Order shall govern the production, use, and handling of Confidential Material and AEO Material produced by any party or non-party that provides discovery in connection with the above-captioned action (hereinafter referred to as "Parties" or "Party"), including responses to written discovery and deposition testimony. All Confidential Material and AEO Material subject to this Protective Order shall be used solely for the prosecution and/or defense of the Action and shall not be used by any other Party, other than the Party that produced it, in any litigation other than the Action, for business, for competitive purposes, or for any other purpose whatsoever.  The protections conferred by this Protective Order cover not only Confidential Material and AEO Material, but also:  (1) any information copied or extracted from such Material; (2) all copies, excerpts,

summaries, or compilations of such Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal such Material. However, the protections conferred by this **Protective** Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving Party or becomes part of the public domain after its disclosure to a receiving Party as a result of publication not involving a violation of this **Protective** Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3. Each Party shall designate Confidential Material by placing a "CONFIDENTIAL" stamp on each page so designated, for each document or that, in good faith, the party believes is Confidential Material. Any **deposition** testimony designated as "CONFIDENTIAL" shall be so designated by a Party at the time of said deposition or within seven (7) business days of receipt of the deposition transcript, whichever is the later. Documents and written discovery responses shall be designated as "CONFIDENTIAL" at the time of production. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this **Protective** Order for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this **Protective** Order.

4. Each Party shall designate AEO Material by placing a "CONFIDENTIAL ATTORNEYS' EYES ONLY" stamp on each page so designated, for each document or information that, in good faith, the Party believes is AEO Material. Any testimony designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be so designated by a Party at the time of

said deposition or within seven (7) business days of receipt of the deposition transcript, whichever is later.  Documents and written discovery responses shall be designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" at the time of production.

Notwithstanding any other terms of this Protective Order, a Party may not designate material produced by another Party as AEO Material.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this **Protective** Order for such materials.  Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this **Protective** Order.

5.    Confidential Material shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except those listed in Paragraphs 6 and 9 below, without the advance written authorization of the Designating Party.

6.    Confidential Material may only be disclosed to the following:

   a.    To the Court **and its personnel**, subject to Paragraph 9 below;

   b.    Outside counsel for the Parties to the Action, their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of the Action;

   c.    Experts retained or consulted by any Party or their counsel as required to assist in the conduct of the Action, to the extent that counsel of record determines that disclosure is necessary for the prosecution or defense of the Action, provided that prior to disclosure, any such expert is provided with a copy of this Protective Order and acknowledges in writing that he or

she agrees to be bound by these terms (see Exhibit A, attached hereto);

d.  The Parties to the Action and their employees, to the extent that their respective counsel determines that such disclosure is necessary for the prosecution or defense of the Action; and

e.  Clerical or ministerial service providers, including outside copying services and court reporters, retained by a Party's counsel to assist such counsel in connection with the Action.

f.  Authors, addressees, or recipients of the Confidential Material.

7.  AEO Material shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except those listed in Paragraphs 8 and 9 below, without the advance written authorization of the Designating Party.

8.  AEO Material may only be disclosed to the following:

a.  Outside counsel for the Parties to the Action, their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of the Action;

b.  To the Court **and its personnel**, subject to Paragraph 9 below;

c.  To the Party who produced it;

d.  The author of the document or material and to anyone shown on the document or material as having received it in the ordinary course of business;

e.  Experts retained or consulted by any Party or their counsel as required to assist in the conduct of the Action, to the extent that counsel of record determines that disclosure is necessary for the prosecution or defense of the Action, provided that

prior to disclosure, any such expert is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by these terms (see Exhibit A, attached hereto); and

f.   To such other persons as hereafter may be designated by written authorization by the Designating Party or by further order of the Court.

9.   Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Confidential Material or AEO Material.  A Party that seeks to file under seal any Confidential Material or AEO Material must comply with Civil Local Rule 79-**5, this Protective Order, and any other applicable standing order regarding protective orders, the treatment of confidential information, and under seal filings.**  Confidential Material or AEO Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Confidential Material or AEO Material at issue.

10.   Challenging Confidentiality Designations.

a.   Timing of Challenges.    Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge immediately after the original designation is disclosed.

b.   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each

designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

c.    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion (in compliance with Civil Local Rule 79-5, if applicable) challenging confidentiality at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All **P**arties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

11. A Designating Party will use reasonable efforts to avoid designating, or to de-designate in a reasonable time after request, any document or information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" that is not entitled to such designation or that is generally available to the public.

12. Subject to the provisions of the Federal Rules of Civil Procedure and the Federal Rules of Evidence, nothing in this Protective Order shall in any way limit the uses that the Parties may make of their own Confidential or AEO Material.

To the extent a Designating Party elects to publicly disclose Confidential or AEO Material in a court filing (by not **submitting an application to file such Material** under seal), all other Parties may **likewise** do so.

13. Within thirty (30) days of the conclusion of the Action, each Party shall return all Material designated "CONFIDENTIAL" and/or "CONFIDENTIAL ATTORNEYS' EYES ONLY" to the Party on whose behalf such Material was produced or, at the option of the producing Party, counsel for each Party shall certify in writing that such **M**aterial has been destroyed. Each party returning or destroying CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES ONLY Material is responsible for any costs associated with the return and/or destruction of such Materials.

14. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES ONLY Material, that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

15.     This Protective Order shall continue to be binding throughout the Action and after its conclusion.  The termination of the Action shall not relieve any person to whom Confidential Material or AEO Material has been disclosed from the obligation of maintaining the confidentiality of such information as set forth herein.

16.     Nothing herein shall operate as a waiver of the right of any person to object on any ground to the admissibility of any Confidential Material or AEO Material in connection with any motions, trial or arbitration.  Nothing herein shall

prevent a witness from reviewing a transcript of his or her deposition testimony and any exhibits thereto, in accordance with the Federal Rules of Civil Procedure, or any stipulation placed on the record by counsel.

17.   All disputes concerning matters falling within the scope of or relating to the interpretation of this Protective Order shall be submitted for ruling to the above-captioned Court.  At any hearing on such submitted matter, all persons not specifically contemplated by Paragraphs 6 **and** 8 shall be excluded from the hearing.

18.   By **having** enter**ed** into this Protective Order, the Parties do not waive any right(s) to assert the attorney client privilege, work product doctrine, financial privacy, deliberative process, official information, executive privilege, or any other objection or privilege that could be raised in response to any request to produce documents, interrogatory, and/or deposition examination.

19.   The inadvertent production in discovery of any privileged or otherwise protected or exempted information, or Confidential Material or AEO Material as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing Party shall immediately notify the receiving Party in writing when inadvertent production is discovered.  Upon receiving written notice from the producing Party that privileged information or work-product material has been inadvertently produced, the receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the producing Party.  In addition, once notified of the production of inadvertent privileged information, the receiving Party shall, if such material has previously been disclosed to others by the receiving Party, take reasonable steps to

obtain all such previously disclosed material and advise such persons of the claims of privilege.

20.   Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.  The foregoing remedies shall be in addition to any other common law or statutory relief available for violation of the terms of this Protective Order.

Nothing herein is intended to expand or limit the authority vested in any Magistrate Judge to whom a dispute under this **Protective** Order is assigned.

21.   Agreeing to produce or receive Material designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY", or otherwise complying with the terms of this Protective Order shall not:

    a.   Operate as an admission by any Party that any Confidential Material or AEO Material contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

    b.   Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Material or AEO Material;

    c.   Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any documents, testimony or the evidence subject to this Protective Order;

    d.   Prejudice in any way the rights of any Party to seek a determination by the Court whether any Confidential Material

or AEO Material should be subject to the terms of this Protective Order;

e.   Prejudice in any way the rights of any Party to petition the Court for a further protective order or modification or amendment of this order relating to any purportedly Confidential Material or AEO Material;

f.   Prejudice in any way the rights of any Party to petition the Court for permission to disclose or use particular Confidential Material or AEO Material more broadly than would otherwise be permitted by the terms of this Protective Order; or

a.   Prevent any Designating Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Material or AEO Material.

22.   This Protective Order need not be signed and entered into by the Court in order for the Stipulation to be effective between the Parties having executed this Stipulation, and the Stipulation shall be effective from the date executed by a specific Party or its counsel.

**IT IS SO ORDERED.**

Dated:  June 27, 2014

_____

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

AGREEMENT TO BE FOUND BY PROTECTIVE ORDER

I have been requested by counsel for _____ to assist with or review certain materials that I have been informed contain CONFIDENTIAL INFORMATION or CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION within the terms of the Protective Order issued by the Court in the action captioned *Sierra Medical Services Alliance, et al., v. Toby Douglas Director of the California Department of Health Care Services,* United States District Court, Central District of California, Case No. CV 10-04182 CAS (MANx) (the "Action").

I have read the Protective Order in this action and am familiar with its terms. On behalf of myself and the business organization with which I am employed or affiliated, if one exists, I agree to comply with and be bound by the Protective Order and agree not to disclose any CONFIDENTIAL INFORMATION or CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION.  I also agree to use such CONFIDENTIAL MATERIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY MATERIAL to assist counsel only in the Action and not for any other purpose whatsoever.

///
///
///
///
///
///
///
///
///
///

1    I hereby submit myself and my business organization, if one exists, to the

2 jurisdiction of the United States District Court for the Central District of California

3 for the limited purpose of any proceeding relating to performance under,

4 compliance with, or violation of the Protective Order.

5    I declare under penalty of perjury that the foregoing is true and correct.

6    Executed this _____ day of _____, 20_____, at _____.

7                                                             City,State

8 DATED: _____    BY: _____.

9                                                        Signature

10

11                                                        _____

12                                                        Title

13                                                        _____

14                                                        Address

15                                                        _____

16                                                        City, State, Zip

17                                                        _____

18                                                        Telephone Number

19

20

21

22

23

24

25

26

27

28